IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Case No. 1:22-cv-00689

BLAINE HARRINGTON III,

     Plaintiff,

v.

LUXURY HOME BROKER ABQ, LLC and
WENDE CALVERT,

     Defendants.

_____

## **COMPLAINT**

Plaintiff Blaine Harrington III ("Plaintiff") sues Defendants Luxury Home Broker ABQ, LLC ("Luxury Home") and Wende Calvert ("Calvert") (collectively, the "Defendants"), and alleges as follows:

## **THE PARTIES**

1.     Plaintiff is an individual who is a citizen of the State of Colorado.

2.     Luxury Home is a limited liability company organized and existing under the laws of the State of New Mexico with its principal place of business located at 8200 Carmel Ave NE, Suite 103A, Albuquerque, NM 87122.

3.     Calvert is an individual who is a citizen of the State of New Mexico.

## **JURISDICTION AND VENUE**

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Defendants because they maintained sufficient minimum contacts with New Mexico such that the exercise of personal jurisdiction over

them would not offend traditional notions of fair play and substantial justice.

6.     Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "A defendant 'may be found' in any judicial district to which he would be subject to personal jurisdiction." Allison v. Wise, 621 F. Supp. 2d 1114, 1118 (D. Colo. 2007); see also McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) ("In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'") (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

### I.     Plaintiff's Business

7.     Plaintiff is a well-known and highly regarded travel/location photographer based in Denver, CO, a four time SATW Travel Photographer of the Year (in addition to numerous other awards received during his career), and has worked on assignment for most major news, business and travel magazines.

8.     With over 45 years in business (including working in Amsterdam, New York, Paris and Zurich), Plaintiff has expert knowledge of Europe, as well as most regions of the world.  He maintains files of over 500,000 images from over seventy-five countries and is continually traveling to add new and updated material to the files.

9.     Plaintiff's travel/location photography is highly sought after and has been published in numerous magazines/travel calendars, including: Business Week, Delta Sky, Endless Vacation, Forbes, Geo, Islands, National Geographic Adventure, National Geographic Traveler, Newsweek, New York Times magazine, Outside, Popular Photography, Ski, Smithsonian, Time, and Travel +

2

Leisure. He was also the travel photography columnist (bi-monthly "On the Road") for Shutterbug Magazine and has numerous corporate clients that have included his work in their marketing/advertising campaigns.

## II.     The Work at Issue in this Lawsuit

**The First Photograph**

10.     In 2012, Plaintiff created a professional photograph of Central Avenue, part of historic Route 66, in the Nob Hill section of Albuquerque, New Mexico titled "20121008_NM-TEX_0062" (the "The First Photograph").  A copy of the First Photograph is exhibited below:



**The Second Photograph**

11.     In 2012, Plaintiff created a professional photograph of hot air balloons flying at sunrise with the Sandia Mountains in the background during the Albuquerque International

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Balloon Fiesta titled "20121008_NM-TEX_0962" (the "<u>Second Photograph</u>").  A copy of the Second Photograph is exhibited below:



12.     The First Photograph and the Second Photograph are collectively referred to herein as the "<u>Work</u>."

13.     The Work was registered by Plaintiff with the Register of Copyrights on March 5, 2013 and was assigned Registration No. VAu 1-132-209. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **<u>Exhibit "A."</u>**

14.     Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III.   Defendants' Unlawful Activities

15.     Luxury Home is a real estate broker affiliated with Coldwell Banker, focusing on homes in the Albuquerque and Sante Fe areas of New Mexico.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

16.     Calvert is a real estate agent primarily servicing Albuquerque and Santa Fe, New Mexico.  Calvert is manager and sole member of Luxury Home. Calvert has exclusive control over the business activities of Luxury Home, including but not limited to the infringing activities that are the subject of this lawsuit.

17.     Defendants advertise/market their business primarily through their website (http://wendecalvert.com/), social media (e.g. https://www.facebook.com/wendecalvert,), and other forms of advertising.

18.     On August 5, 2019, after Plaintiff's above-referenced copyright registration of the Work, Defendants published the First Photograph on their Facebook page (at https://www.facebook.com/wendecalvert/photos/pb.100063592658287.-2207520000../2904481189625692/?type=3):



19.     On October 4, 2015, after Plaintiff's above-referenced copyright registration of the Work, Defendants published the Second Photograph on their Facebook page (at https://www.facebook.com/wendecalvert/photos/pb.100063592658287.-

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

2207520000../955521391188358/?type=3):



20.     On October 15, 2015, after Plaintiff's above-referenced copyright registration of the Work, Defendants published the Second Photograph on their Facebook page (at https://www.facebook.com/wendecalvert/photos/pb.100063592658287.-2207520000../960904250650072/?type=3):



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

21.     A true and correct copy of screenshots of Defendants' Facebook page, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

22.     Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with their business or for any other purpose.

23.     Defendants utilized the Work for commercial use – namely, in connection with the marketing of their real estate business.

24.     Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

25.     Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work in January 2022.  Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of his Work.

## COUNT I – COPYRIGHT INFRINGEMENT
### (Luxury Home)

26.     Plaintiff re-alleges and incorporates paragraphs 1 through 25 as set forth above.

27.     The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

28.     Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

29.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Luxury Home had access to the Work prior to its own reproduction, distribution, and public display of the Work on its Facebook page.

30.     Luxury Home reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

31.     By its actions, Luxury Home infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

32.     Luxury Home's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Indeed, the metadata of the First Photograph (as displayed on Luxury Home's Facebook) shows that the copyright belongs to Plaintiff. Notably, Luxury Home itself utilizes a copyright disclaimer on its website ("© Wende Calvert–all right reserved") indicating that Luxury Home clearly understands the importance of copyright protection and intellectual property rights. Finally, Luxury Home is a real estate broker that frequently uses photography to market homes for sale. It clearly understands that photography is generally paid for and cannot simply be copied from the internet.

33.     Plaintiff has been damaged as a direct and proximate result of Luxury Home's infringement.

34.      Plaintiff is entitled to recover his actual damages resulting from Luxury Home's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Luxury Home's profits from infringement of the Work, which amounts shall be proven at trial.

35.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

36.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Luxury Home's conduct.

37.     Luxury Home's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Luxury Home as follows:

a.  A declaration that Luxury Home has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d.  Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Luxury Home, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Luxury Home, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

### COUNT II – VICARIOUS COPYRIGHT INFRINGEMENT
#### (Calvert)

38.     Plaintiff re-alleges and incorporates paragraphs 1 through 25 as set forth above.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

39.     As evidenced above, Luxury Home infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

40.     Because Calvert is the manager/principal of Luxury Home, Calvert had the right and ability to control the infringing acts of Luxury Home yet declined or failed to stop Luxury Home from engaging in such infringing activity.

41.     Calvert obtained a direct financial benefit from Luxury Home's infringing activities as Calvert earns a commission on all real estate sales made by Luxury Home. Upon information and belief, prospective purchasers and/or sellers did contact Calvert because of Luxury Home's marketing/advertising efforts on the foregoing Facebook page.

42.     Vicarious liability attaches when the defendant has the right and ability to supervise the infringing activity and has a direct financial interest in such activities.  A defendant may be vicariously liable even when he or she is not aware of the infringing activity."  Diversey v. Schmidly, 738 F.3d 1196, 1204 (10th Cir. 2013) (internal quotation marks and citation omitted).

43.     As a direct and proximate result of Calvert's vicarious copyright infringement, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Calvert as follows:

a.   An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

b.   Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

c.   Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

d.   Permanently enjoining Calvert, her employees, agents, officers, directors, attorneys,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Calvert, from directly or indirectly further violating Plaintiff's copyrights by further displaying or distributing the Work; and

e.  For such other relief as the Court deems just and proper.

## **Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: September 19, 2022.


COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza_____
      Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228