IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Case No. 1:22-cv-00689-KRS-GBW

MAUREEN HARRINGTON, substitute for
BLAINE HARRINGTON III,

      Plaintiff,

v.

LUXURY HOME BROKER ABQ, LLC,
WENDE CALVERT, and BRITTNI POPER
d/b/a OAK TREE DESIGNS,

      Defendants.

_____

## FIRST AMENDED COMPLAINT

Plaintiff Maureen Harrington ("Maureen"), *as personal representative for the estate of* Blaine Harrington III sues Defendants Luxury Home Broker ABQ, LLC ("Luxury Home"), Wende Calvert ("Calvert"), and Brittni Poper d/b/a Oak Tree Designs ("Poper") (collectively, the "Defendants"), and alleges as follows:

## THE PARTIES

1.     Maureen is an individual who is a citizen of the State of Colorado.

2.     Luxury Home is a limited liability company organized and existing under the laws of the State of New Mexico with its principal place of business located at 8200 Carmel Ave NE, Suite 103A, Albuquerque, NM 87122.

3.     Calvert is an individual who is a citizen of the State of New Mexico.

4.     Poper is an individual who is a citizen of the State of New Mexico.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendants because they maintained sufficient minimum contacts with New Mexico such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.  Further Luxury Home has operated a real estate business in this New Mexico and been licensed to do business in New Mexico.  Further, since at least 2011, Calvert is a licensed realtor in New Mexico and, upon information and belief, owns real property in New Mexico.

7.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "A defendant 'may be found' in any judicial district to which he would be subject to personal jurisdiction."  Allison v. Wise, 621 F. Supp. 2d 1114, 1118 (D. Colo. 2007); see also McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) ("In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'") (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I.      Mr. Harrington's Business

8.      Maureen has been appointed as the personal representative of the Estate of her late husband, Blaine Harrington III.  The Estate owns and manages the copyrights to Mr. Harrington's photographic works, including those at issue in this lawsuit.

9.      Mr. Harrington was a well-known and highly regarded travel/location photographer based in Denver, CO, a five-time SATW Travel Photographer of the Year (in addition to numerous other awards received during his career), and worked on assignment for most major news, business

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

and travel magazines.

10.     With over 45 years in business (including working in Amsterdam, New York, Paris and Zurich), Mr. Harrington had expert knowledge of Europe, as well as most regions of the world. He maintains files of over 500,000 images from over seventy-five countries and was (until his untimely death in January 2023) continually traveling to add new and updated material to the files.

11.     Mr. Harrington's travel/location photography was highly sought after and has been published in numerous magazines/travel calendars, including: Business Week, Delta Sky, Endless Vacation, Forbes, Geo, Islands, National Geographic Adventure, National Geographic Traveler, Newsweek, New York Times magazine, Outside, Popular Photography, Ski, Smithsonian, Time, and Travel + Leisure. He was also the travel photography columnist (bi-monthly "On the Road") for Shutterbug Magazine and has numerous corporate clients that have included his work in their marketing/advertising campaigns.

## II.     The Work at Issue in this Lawsuit

### A.     *The First Photograph*

12.     In 2012, Mr. Harrington created a professional photograph of Central Avenue, part of historic Route 66, in the Nob Hill section of Albuquerque, New Mexico titled "20121008_NM-TEX_0062" (the "The First Photograph").  A copy of the First Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



**B.     The Second Photograph**

13.     In 2012, Mr. Harrington created a professional photograph of hot air balloons flying at sunrise with the Sandia Mountains in the background during the Albuquerque International Balloon Fiesta titled "20121008_NM-TEX_2962" (the "Second Photograph").   A copy of the Second Photograph is exhibited below.



14.     The First Photograph and the Second Photograph are collectively referred to herein as the "Work."

15.     The Work was registered by Mr. Harrington with the Register of Copyrights on March 5, 2013 and was assigned Registration No. VAu 1-132-209. A true and correct copy of the

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

16.     Mr. Harrington is the owner of the Work and has remained the owner at all times material hereto. As the appointed personal representative for Mr. Harrington's estate, Maureen is entitled to institute and maintain this action for copyright infringements. See 17 U.S.C. § 501(b).

17.     Mr. Harrington  publishes the First Photograph and the Second Photograph  on his                                        website                                        (at https://www.blaineharrington.com/image?&_bqG=0&_bqH=eJxNjk0LwjAMhv_NbkJXRUTooesq1I9U00ycl6Ay9CCKTkT_va2Iemj6PIS8yUle1lA8oG22YbkvaLemW1feDVJvmA9zIdKL1XEZjJIil9EHDLMO2RUL0ZfZu8UaSnWLbBzVKv6BNNkExldAWLMLPqkLjHZqdbDlR.f_7tFZiKPOwzvFIynUMIlcBYvsSlWlg.DYnHG8fD4WbcamYBdj4v4PVl_E0Q9nCbUh1Tab6.6QmZT2AlAXS44-&GI_ID=                                        and https://www.blaineharrington.com/image?&_bqG=0&_bqH=eJyzcDJwrEzNtwzPcw7IjgivyI0PCrYo8C32dHG1MrSysDI0AAIrz3iXYGdbIwNDIyDfIt7PVzfENSLeyNLMSM0zPjTYNSje08U2FKTULyc1P8grrLIisFgt3tE5xLY4NbEoOQMAElkecA--) to make it available to prospective print purchasers and/or licensees.  The website utilizes technology to prevent internet users from 'right-clicking' M r . Harrington's photographs and saving such to their desktops – the  only  way  to download the photographs is to either purchase/license them or utilize some form of screenshot technology to skirt the protection the website otherwise offers.

18.     Beneath each photograph published on Mr. Harrington's website is also an all-caps warning that Mr. Harrington's photographs are registered with the U.S. Copyright Office, may not be freely downloaded from the website or elsewhere, and that Mr. Harrington will pursue infringers if such unauthorized copying occurs:

ALL            RIGHTS            RESERVED            | blaine@blaineharrington.com | 303.932.9062 ALL PHOTOS ON

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

THIS SITE ARE AVAILABLE FOR LICENSE FOR MEDIA USE OR ADVERTISING USAGE OR FOR PURCHASE AS DISPLAY PRINTS BY CORPORATE CLIENTS OR PRIVATE INDIVIDUALS. ALL PHOTOS ON THIS WEBSITE ARE REGISTERED WITH THE U.S. COPYRIGHT OFFICE. COMP (COMPOSITE) PHOTOS ARE MADE AVAILABLE FOR LEGITIMATE CLIENTS ONLY FOR THEIR LAYOUT PURPOSES BEFORE LICENSING AN IMAGE AND MAY NOT BE DOWNLOADED OR OTHERWISE COPIED OFF MY WEBSITE OR ANYWHERE ELSE YOU MAY FIND IT, BY THE GENERAL PUBLIC AS FREE PHOTOGRAPHY. DOING SO CONSTITUTES A VIOLATION OF MY COPYRIGHT AND YOU MAY BE PROSECUTED. NO IMAGES ARE WITHIN THE PUBLIC DOMAIN. USE OF ANY IMAGE AS THE BASIS FOR ANOTHER PHOTOGRAPHIC CONCEPT OR ILLUSTRATION IS A VIOLATION OF COPYRIGHT. NO USAGE RIGHTS OF ANY KIND ARE GRANTED WITHOUT WRITTEN AUTHORIZATION FROM BLAINE HARRINGTON III. BLAINE HARRINGTON VIGOROUSLY PROTECTS COPYRIGHT INTERESTS. IN THE EVENT THAT AN INFRINGEMENT IS DISCOVERED YOU WILL NOTIFIED AND YOU MAY BE PROSECUTED FOR COPYRIGHT INFRINGEMENT IN U. S. FEDERAL COURT WHERE YOU WILL BE SUBJECT TO PAYMENT OF STATUTORY DAMAGES OF UP TO $150,000

## III.    Defendants' Unlawful Activities

19.    Luxury Home is a real estate broker affiliated with Coldwell Banker, focusing on homes in the Albuquerque and Sante Fe areas of New Mexico. Luxury Home is either an employee of Coldwell Banker or serves as an independent contractor that is associated with Coldwell Banker.

20.    Calvert is a real estate agent primiarly servicing Albuquerque and Santa Fe, New Mexico.

21.    Poper is in the business of providing web design, photography, and social media management services to her clients/customers (which include Calvert/Luxury Home Broker). Poper advertises/markets her business through her website (https://brittgardner.wixsite.com/oaktreedesigns), social media (e.g.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

https://www.facebook.com/oaktreedesignstx?fref=ts), and other forms of advertising.

22.     Luxury Home and Calvert advertises/markets their business through their website

(http://wendecalvert.com/), social media (e.g. https://www.facebook.com/wendecalvert,), and

other forms of advertising.

23.     At all times relevant hereto, Defendants maintained a contractual relationship

whereby Poper was retained to manage Luxury Home and Calvert's social media marketing, and,

upon information and belief, website development.

24.     To that end, Poper was responsible for creating advertisements/social media

postings for Luxury Home and Calvert's review and approval and, upon receipt of such approval,

Poper would publish those advertisements/social media postings on Luxury Home and Calvert's

behalf.

25.     On August 5, 2019 (after Mr. Harrington's above-referenced copyright registration

of the Work), Poper published the First Photograph on Luxury Home/Calvert's Facebook page (at

https://www.facebook.com/wendecalvert/photos/pb.100063592658287.-

2207520000../2904481189625692/?type=3):

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



26.    On October 4, 2015 (after Plaintiff's above-referenced copyright registration of the

Work), Poper published the Second Photograph on Luxury Home/Calvert's Facebook page (at

https://www.facebook.com/wendecalvert/photos/pb.100063592658287.-

2207520000../955521391188358/?type=3):



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

27.     On October 15, 2015 (after Plaintiff's above-referenced copyright registration of the Work), Poper published the Second Photograph on Luxury Home/Calvert's Facebook page (at https://www.facebook.com/wendecalvert/photos/pb.100063592658287.-2207520000../960904250650072/?type=3):



28.     A true and correct copy of screenshots of Luxury Home/Calvert's Facebook page, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

29.     Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with their business or for any other purpose.

30.     Defendants utilized the Work for commercial use – namely, in connection with the marketing of Luxury Home/Calvert's real estate business.

31.     None of the Defendants exercised a modicum of due diligence in attempting to determine whether the Work could be published on Luxury Home/Calvert's Facebook page.

32.     Upon information and belief, Defendants located a copy of the Work on the internet

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

33.     Through his ongoing diligent efforts to identify unauthorized use of his photographs, Mr. Harrington discovered the foregoing unauthorized use/display of the Work in January 2022.  Following Mr. Harrington's discovery, Mr. Harrington notified Luxury Home and Calvert in writing of such unauthorized use. To date, neither Maureen nor Mr. Harrington has been unable to negotiate a reasonable license for the past/existing infringement of his Work.

34.     All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (Poper)

35.     Maureen re-alleges and incorporates paragraphs 1 through 34 as set forth above.

36.     Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

37.     Mr. Harrington owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Mr. Harrington standing to bring this lawsuit and assert the claim(s) herein.

38.     Maureen has standing to bring this lawsuit and assert the claim(s) herein as she has sufficient rights, title, and interest to such copyright (as Plaintiff has been appointed as the personal representative of Mr. Harrington's estate which is administering all of Mr. Harrington's assets, including the works at issue in this lawsuit).

39.     As a result of Mr. Harrington's reproduction, distribution, and public display of the Work, Poper had access to the Work prior to her own reproduction, distribution, and public display of the Work on Luxury Home/Calvert's Facebook page.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

40.     Poper reproduced, distributed, and publicly displayed the Work without authorization from Mr. Harrington.

41.     By her actions, Poper infringed and violated Mr. Harrington's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for the commercial purposes of Luxury Home/Calvert.

42.     Alternatively, to the extent Poper did not directly infringe Mr. Harrington's rights in the Work, Poper is liable for contributory infringement.

43.     As Poper guides, directs and implements marketing plans for her clients, Poper has the ability to influence and control the infringing acts of her clients.

44.     "Contributory copyright infringement is derivative of direct copyright infringement. It occurs 'when the defendant causes or materially contributes to another's infringing activities and knows of the infringement.'" Savant Homes, Inc. v. Collins, 809 F.3d 1133, 1146 (10th Cir. 2013) (quoting Diversey v. Schmidly, 738 F.3d 1196, 1204 (10th Cir. 2013)).

45.     Thus, assuming Poper did not directly infringe, Poper caused or materially contributed to Luxury Home/Calvert's infringing activity. Poper encouraged Luxury Home/Calvert to utilize copyrighted imagery on Luxury Home/Calvert's all while knowing the material was copyright protected.

46.     Poper obtained a direct financial benefit from her own and/or Luxury Home/Calvert's infringing activities.

47.     Poper's infringement was willful as she acted with actual knowledge or reckless disregard for whether her conduct infringed upon Harrington's copyright. As a publisher of digital media content and photographer herself, Poper clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

48.     Maureen has been damaged as a direct and proximate result of Poper's infringement.

49.     Maureen is entitled to recover her actual damages resulting from Poper's unauthorized use of the Work and, at Maureen's election (pursuant to 17 U.S.C. § 504(b)), Maureen is entitled to recover damages based on a disgorgement of Poper's profits from infringement of the Work, which amounts shall be proven at trial.

50.     Alternatively, and at Maureen's election, Maureen is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

51.     Pursuant to 17 U.S.C. § 505, Maureen is further entitled to recover her costs and attorneys' fees as a result of Poper's conduct.

52.     Poper's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Maureen unless enjoined by the Court.  Maureen has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502,  Maureen is entitled to a permanent injunction prohibiting infringement of Maureen's exclusive rights under copyright law.

**WHEREFORE**, Maureen demands judgment against Poper as follows:

a.  A declaration that Poper has infringed Maureen's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Maureen's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d.  Awarding Maureen her costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Maureen interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Poper, her employees, agents, officers, directors, attorneys,

successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Poper, from directly or indirectly infringing Maureen's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.   For such other relief as the Court deems just and proper.

## COUNT II –COPYRIGHT INFRINGEMENT
### (Luxury Home and Calvert)

53.     Maureen re-alleges and incorporates paragraphs 1 through 34 as set forth above.

54.     Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

55.     Mr. Harrington owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Mr. Harrington standing to bring this lawsuit and assert the claim(s) herein.

56.     Maureen has standing to bring this lawsuit and assert the claim(s) herein as she has sufficient rights, title, and interest to such copyright (as Plaintiff has been appointed as the personal representative of Mr. Harrington's estate which is administering all of Mr. Harrington's assets, including the works at issue in this lawsuit).

57.     As a result of Mr. Harrington's reproduction, distribution, and public display of the Work, Luxury Home and Calvert had access to the Work prior to their own reproduction, distribution, and public display of the Work on Luxury Home/Calvert's Facebook page.

58.     Luxury Home and Calvert reproduced, distributed, and publicly displayed the Work without authorization from Mr. Harrington.

59.     By their actions, Luxury Home and Calvert directly infringed and violated Mr.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Harrington's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for their own commercial purposes.

60.     Alternatively, to the extent Luxury Home and Calvert did not directly infringe Mr. Harrington's rights in the Work, Luxury Home and Calvert are liable for vicarious infringement.

61.     "Vicarious liability attaches when the defendant has the right and ability to supervise the infringing activity and has a direct financial interest in such activities.  A defendant may be vicariously liable even when he or she is not aware of the infringing activity."  Diversey v. Schmidly, 738 F.3d 1196, 1204 (10th Cir. 2013) (internal quotation marks and citation omitted).

62.     As the owners of the Facebook page in question and the entity/individual which retained Poper to design/publish advertisements thereon, Luxury Home and Calvert have the right and ability to control the infringing acts of Poper yet declined or failed to stop Poper from engaging in her infringing activity.

63.     Luxury Home and Calvert obtained a direct financial benefit from their own and/or Poper's infringing activities.

64.     Luxury Home and Calvert's infringement was willful as they acted with actual knowledge or reckless disregard for whether their conduct infringed upon Mr. Harrington's copyright. Indeed, the metadata of the First Photograph (as displayed on Luxury Home's Facebook) shows that the copyright belongs to Mr. Harrington. Notably, Luxury Home itself utilizes a copyright disclaimer on its website ("© Wende Calvert–all right reserved") indicating that Luxury Home and Calvert clearly understand the importance of copyright protection and intellectual property rights. Finally, Luxury Home is a real estate broker that frequently uses photography to market homes for sale. It clearly understands that photography is generally paid for and cannot simply be copied from the internet.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

65.     Maureen has been damaged as a direct and proximate result of Luxury Home and Calvert's infringement.

66.     Maureen is entitled to recover her actual damages resulting from Luxury Home and Calvert's unauthorized use of the Work and, at Maureen's election (pursuant to 17 U.S.C. § 504(b), Maureen is entitled to recover damages based on a disgorgement of Luxury Home and Calvert's profits from infringement of the Work, which amounts shall be proven at trial.

67.     Alternatively, and at Maureen's election, Maureen is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

68.     Pursuant to 17 U.S.C. § 505, Maureen is further entitled to recover her costs and attorneys' fees as a result of Luxury Home and Calvert's conduct.

69.     Luxury Home and Calvert's conduct have caused and any continued infringing conduct will continue to cause irreparable injury to Maureen unless enjoined by the Court. Maureen has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Maureen is entitled to a permanent injunction prohibiting infringement of Maureen's exclusive rights under copyright law.

**WHEREFORE**, Maureen demands judgment against Luxury Home and Calvert as follows:

a.  A declaration that Luxury Home and Calvert have infringed Mr. Harrington's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Maureen's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d.  Awarding Maureen her costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Maureen interest, including prejudgment interest, on the foregoing amounts;

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

f.  Permanently enjoining Luxury Home and Calvert, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Luxury Home and Calvert, from directly or indirectly infringing Mr. Harrington's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: September 12, 2023.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
        Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228