IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Case No. 1:22-cv-00689-KG-LF

MAUREEN HARRINGTON, as personal representative for the estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

LUXURY HOME BROKER ABQ, LLC, WENDE CALVERT, and BRITTNI POPER d/b/a OAK TREE DESIGNS,

    Defendants.

    Defendant.

## PLAINTIFF'S UNOPPOSED MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF OREN BRACHA

Plaintiff/counter-defendant Maureen Harrington ("Plaintiff"), as personal representative for the estate of Blaine Harrington III ("Harrington"), hereby files this motion to exclude and/or strike the report, opinion, and/or testimony of Oren Bracha ("Bracha") as an expert in this lawsuit.

### INTRODUCTION

While Bracha is no doubt knowledgeable about intellectual property law, his expert report/opinion in this case (the first in which he has ever been proffered as an expert) is ***clearly*** and ***unequivocally*** improper. The Court has already excluded Bracha's report in a substantially similar lawsuit pending before the Court (Adler Medical et al. v. Harrington), and there is no conceivable reason for the Court to do any differently here. Indeed, this Motion (and any opposition thereto) should only serve the purpose of preserving the judicial record in the event of an appeal. The Court should strike Bracha's report for the same reasons it struck the report in

Adler Medical et al. v. Harrington.

## BACKGROUND

1.      On September 19, 2022, Mr. Harrington filed his Complaint [D.E. 1], asserting a claim for copyright infringement against each of the Defendants with respect to the display/publication of Mr. Harrington's photographs without license/authorization.

2.      On October 21, 2022, Defendants filed their Answer and Counterclaim, averring that Mr. Harrington is a 'copyright troll' who purposely lures innocent victims (such as Defendants) into downloading his photographs online so that he can later trap them with accusations of copyright infringement.  See D.E. 6.

3.      In addition to this matter, undersigned counsel currently represents Plaintiff (Mr. Harrington's spouse who was appointed as the personal representative of his estate following his death in January 2023), in four other matters[1] pending before this Court in which the opposing party/parties is/are represented by Defendants' counsel, Jeffrey L. Squires, in which the claims and/or counter claims made by Mr. Squires' clients are nearly identical.

4.      In the Adler Case, the plaintiffs/counter-defendants proffered Bracha's August 23, 2022 "Expert Opinion Report On Behalf of Adler Medical, LLC, et al. v. Blaine Harrington III On the Subject of Copyright Misuse Law" (the "Report")[2] as support for their 'copyright misuse' allegations.

5.      The docket entries and dates in this paragraph are all in reference to the Adler Case.

---

[1]     The four other pending matters are: Harrington v. Hermosillo & Nunez of New Mexico LLC d/b/a Casa de Cambio La Mondeita (Case No. 1:22-cv-00451) (the "H&N Case"), Harrington v. 360 ABQ, LLC d/b/a 360 Ventures Real Estate (Case No. 1:22-cv-00063) (the "360 ABQ Case"), Harrington v. Blue Sky Capital, LLC (Case No. 1:22-cv-00534) (the "Blue Sky Case"), and Adler Medical, LLC et al v Harrington (1:22-cv-00072) (the "Adler Case"). The four aforementioned cases, in addition to the case are bar, shall be referred to collectively as the "Harrington Cases").

[2]     A true and correct copy of the Report is attached hereto as **Exhibit "A."**

On December 5, 2022, Mr. Harrington filed a Motion to Exclude Expert Report and Testimony of Oren Bracha (the "Motion to Exclude") [D.E. 79].³ On December 27, 2022, the Adler Plaintiffs filed their Response in Opposition to Harrington's Motion to Exclude (the "Opposition to Motion to Exclude") [D.E. 82].⁴ On January 3, 2023, Mr. Harrington filed his Reply to the Adler Plaintiffs' Opposition to Motion to Exclude (the "Reply to Plaintiffs' Opposition"), in addition to a Notice of Briefing Complete of Harrington's Motion to Exclude (the "Notice of Briefing Complete") [D.E. 83 and 84].⁵

6. Mr. Squires previously represented to undersigned counsel that he intended for Mr. Bracha to serve as his clients' expert witness in all the Harrington Cases (this one included).

7. For purposes of judicial efficiency, a Status Conference (the "Conference") was held by Magistrate Judge Fashing on all the Harrington Cases on July 18, 2023. At the Conference, Judge Fashing recommended that, should Mr. Bracha be disqualified as an expert in the Adler Case, a motion be filed in all the Harrington Cases, as to preserve each individual record, should either party want to file an appeal following judgment on a dispositive motion or trial. See generally D.E. 109.⁶

8. On July 20, 2023, this Court issued a Memorandum Opinion and Order granting Harrington's Motion to Exclude (the "Order Granting the Motion to Exclude") [D.E. 111] in the Adler Case.⁷

---

³ A true and correct copy of Harrington's Motion to Exclude is attached hereto as **Exhibit "B."**

⁴ A true and correct copy of the Adler Plaintiffs' Opposition is attached hereto as **Exhibit "C."**

⁵ A true and correct copy of the Reply to Plaintiffs' Opposition is attached hereto as **Exhibit "D."** A true and correct copy of the Notice of Briefing Complete is attached hereto as **Exhibit "E."**

⁶ A true and correct copy of the Clerk's Minutes from the July 18, 2023 Conference is attached hereto as **Exhibit "F."**

⁷ A true and correct copy of the Order Granting the Motion to Exclude is attached hereto as **Exhibit "G."**

9. Plaintiff re-alleges and incorporates all the arguments made in the Adler Case in this matter. Pursuant to Judge Fashing's recommendation, Plaintiff files this motion to disqualify Mr. Bracha for the purpose of preserving the record.

## ARGUMENT

### I. Legal Standard

"A district court has an obligation to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993). "Federal Rule of Evidence 702 imposes on the district court a 'gate-keeping' function with respect to the admissibility of expert opinions." Barnett v. Kumho Tire United States, No. CIV 03-1459 LCS/LAM, 2005 U.S. Dist. LEXIS 62833, at *7 (D.N.M. Jan. 20, 2005). Expert opinion testimony is admissible under Fed. R. Evid. 702 if the expert is qualified to render the opinion, and the opinion is both reliable and relevant. An opinion is "reliable" if the "reasoning or methodology of the expert is valid" - that is, "supported by good grounds, based on what is known," and "can be applied to the facts in issue." Lua v. QBE Ins. Corp., No. 18-cv-01233-KLM, 2019 U.S. Dist. LEXIS 177151, at *4, n.3 (D. Colo. Oct. 11, 2019) (internal quotations omitted). An opinion is relevant if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Id. The testimony's proponent has the burden of demonstrating compliance with Rule 702. United States v. Nacchio, 555 F.3d 1234, 1241 (10th Cir. 2009).

The underlying basis for expert opinion must be of sufficient probative force and reliability that a reasonable expert could base an opinion on such facts. See In re Breast Implant Litigation, 11 F. Supp. 2d 1217, 1234 (D. Colo. 1998); Fed. R. Evid. 703. Thus, admissible opinions must be based on "more than subjective belief or unsupported speculation." Id. at 1222; O'Sullivan v. Geico Cas. Co., 233 F. Supp. 3d 917, 927 (D. Colo. 2017).

Finally, the expert opinion ***must not*** invade the province of the jury or of the judge. Specht v. Jensen, 853 F.2d 805, 807 (10th Cir. 1988). Thus, the expert's testimony may not encroach upon the court's "authority to instruct the jury on applicable law, for it is axiomatic that the judge is the sole arbiter of the law and its applicability." Id. Further, the expert "may not simply tell the jury what result it should reach without providing any explanation of the criteria on which that opinion is based or any means by which the jury can exercise independent judgment." O'Sullivan, 253 F. Supp. 3d at 929.

## II.     Bracha's Expert Opinions/Testimony Must be Excluded

As a threshold matter, this Motion is not an indictment on Bracha's qualifications or abilities. Bracha is a law professor/intellectual who is clearly knowledgeable about the subject matter he teaches/writes about. Bracha is not a practicing attorney and is not familiar with the requirements/confines of Fed. R. Evid. 702.[8] Plainly stated, it was not Bracha's responsibility to know whether the subject matter of his report/testimony was proper. Rather, that function was reserved for Defendants' counsel who has been a practicing litigator since 1976 and who presumably should understand the function/requirements of expert testimony.

The law is ***well-settled*** that it is wholly improper for an expert to interpret the law or apply the law to the facts of the case. Indeed, the law is so clear on this point that it is baffling this Motion was necessary in the first place. "[F]ederal courts typically prohibit lawyers, professors, and other experts from interpreting the law for the court or from advising the court about how the law should apply to the facts of a particular case." Pinal Creek Grp. v. Newmont Mining Corp., 352 F. Supp. 2d 1037, 1042 (D. Ariz. 2005); McCabe v. Macaulay, No. C05-73-LRR, 2007 U.S.

---

[8]     See Bracha Tr., at 9:16 – 10:15.

Dist. LEXIS 14210, at *8 (N.D. Iowa Feb. 26, 2007) (same). "Expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible." Good Shepherd Manor Found., Inc. v. City of Momence, 323 F.3d 557, 564 (7th Cir. 2003) (citing United States v. Sinclair, 74 F.3d 753, 757 n.1 (7th Cir. 1996)). Similarly, the meaning of statutes and regulations is "a subject for the court, not for testimonial experts. The only legal expert in a federal courtroom is the judge." United States v. Caputo, 517 F.3d 935, 942 (7th Cir. 2008); see also United States v. Stewart, 433 F.3d 273, 311 (2d Cir. 2006) ("Clearly, an opinion that purports to explain the law to the jury trespasses on the trial judge's exclusive territory.") Put another way, "an expert usually cannot testify about how a law should be interpreted or what it means." Sec. & Exch. Comm'n v. Ferrone, 163 F. Supp. 3d 549, 563 (N.D. Ill. 2016); see also Rondout Valley Cent. Sch. Dist. v. Coneco Corp., 321 F. Supp. 2d 469, 480 (N.D.N.Y. 2004) ("[I]t is axiomatic that an expert is not permitted to provide legal opinions, legal conclusions, or interpret legal terms; those roles fall solely within the province of the court."); United States v. Devos Ltd., No. 14-574, 2019 U.S. Dist. LEXIS 9557, at *189 (E.D. Pa. Jan. 17, 2019) ("Under our system of justice, of course, it is for the Court alone to instruct the jury on the law no matter how august a party's proffered legal expert may be.") (*excluding law professor expert who proffered testimony on legal principles/governing law*); Goodman v. Harris County, 571 F.3d 388, 399 (5th Cir. 2009) ("[A]n expert may never render conclusions of law."); S. Pine Helicopters, Inc. v. Phx. Aviation Managers, Inc., 320 F.3d 838, 841 (8th Cir. 2003) ("[E]xpert testimony on legal matters is not admissible. Matters of law are for the trial judge, and it is the judge's job to instruct the jury on them.").

As eloquently stated by the Tenth Circuit in Specht v. Jensen:

> A witness cannot be allowed to give an opinion on a question of law…. In order to justify having courts resolve disputes between

> litigants, it must be posited as an a priori assumption that there is one, but only one, legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge…. To allow anyone other than the judge to state the law would violate the basic concept. Reducing the proposition to a more practical level, it would be a waste of time if witnesses or counsel should duplicate the judge's statement of the law, and it would intolerably confound the jury to have it stated differently.

Specht v. Jensen, 853 F.2d 805, 807 (10th Cir. 1988) (quoting Stoebuck, Opinions on Ultimate Facts: Status, Trends, and a Note of Caution, 41 Den. L. Cent. J. 226, 237 (1964)); see also Wise v. Bowling, No. 20-cv-00067-JLK-CDL, 2022 U.S. Dist. LEXIS 176713, at *14 (N.D. Okla. Aug. 26, 2022) ("To ensure that expert testimony is helpful to the jury, an expert may not offer legal conclusions or define the law of the case."); Nationwide Transp. Fin. v. Cass Info. Sys., Inc., 523 F.3d 1051, 1058 (9th Cir. 2008) ("[R]esolving doubtful questions of law is the distinct and exclusive province of the trial judge.").

In the Adler Case, the table of contents and introductory paragraph of the Report plainly demonstrate its impropriety. As set forth therein, the Report does nothing more than provide an overview of the law on copyright misuse (the function of the Court) and then applies that law to the 'facts' (the function of the factfinder). In explaining the law to the Court, the Report cites approximately seventy (70) cases in its overview of what Bracha himself admits is a "developing" area of the law.[9] Indeed, while Bracha recognizes that some of this 'developing' case law rejects the copyright misuse doctrine outright, he dons his law professor hat to reject such cases and "offer possible explanations" as to why courts have decided particular cases based on the specific facts

---

[9] See Report, at pp. 8 ("in the developing case law in this area…."); 11 ("This category is at the frontier of the developing case law and decisions are not completely uniform with respect to it…. As the case law is still developing, it offers no clear answer.").

before them.[10]

After approximately thirteen (13) pages of explaining the law to the Court, the Report proceeds to "appl[y] copyright misuse law as surveyed above to the facts of this case, on the assumption that the version of the facts as argued in the Complaint is established."[11] There, Bracha merely assumes the truth of the Adler plaintiffs'/counter-defendants' allegations (without regard to the actual veracity thereof) and concludes that, applying the law to such 'facts,' copyright misuse would exist. In other words, the Report essentially reads as a ruling on a nonexistent Rule 12(b)(6) motion – it explains the law, assumes Plaintiffs' allegations to be true, and applies the law to those assumed-true allegations to determine whether Plaintiffs state a claim. Bracha, however, is not a judge and this case is well-past the Rule 12(b)(6) stage.

Bracha's deposition testimony likewise confirms that his expert opinion was limited to "explain[ing] the law of copyright misuse, and then apply[ing] it to the facts as claimed by the plaintiffs in their complaint on the assumption that those facts would be – or a similar fact pattern would be proven to be correct."[12] Throughout his deposition, Bracha confirmed both the purpose and scope of his Report/expert opinion:

> Q. You analyzed the case law that deals with copyright misuse. And that occupies a portion of your expert report, correct?
> A. Correct.
> Q. You then utilized that case law and applied it to the allegations of the complaint, correct?
> A. Correct, assuming those allegations to be true, correct.
> Q. And through that application of the law to the facts, you determined that the allegations are sufficient to meet the criteria for copyright misuse, correct?
> A. If proven to be true, yes.[13]

---

10   Id. at p. 11.

11   Id. at p. 15.

12   See Bracha Tr., at 16:7 – 16:14.

13   Id. at 21:16 – 22:2.

***

Q. You have provided your own analysis and explanation as to what the case law means, correct?
A. Correct.
Q. And then starting on page 15 halfway through the page we have a section that says Copyright Misuse Applied to the Facts Alleged in Plaintiffs' Complaint, correct?
A. Correct.
Q. And is this the section where you are now applying the case law as you understand it to the allegations of the complaint?
A. Assumed to be true, yes.[14]

***

Q. Okay. And let me just synthesize what I have heard. You, Mr. Bracha, have not familiarized yourself with the actual facts at issue in this case as testified to by any of the plaintiffs, correct?
A. Correct.
Q. You have reviewed the complaint and assumed the facts therein to be true, correct?
A. Correct.[15]

***

Q. Okay. Let me change that then. You analyzed the law as it -- as it applies to copyright misuse, correct?
A. Correct.
Q. I think you looked at a lot of cases, a lot of treatises, law review articles and the like, correct?
A. Correct.
Q. You then applied your understanding of the law as to copyright misuse to the facts as alleged in the complaint by the plaintiffs, correct?
A. Correct.
Q. In doing that application of law to fact, you reached a conclusion that assuming those facts to be true then Mr. Harrington has engaged in copyright misuse based on your understanding of the law, correct?
A. Assuming those facts to be true, I reached the conclusion, yes, that the Court is very likely to find under those facts, assuming to be

---

[14]     <u>Id.</u> at 23:24 – 24:9.

[15]     <u>Id.</u> at 48:22 – 49:4.

> true that Mr. Harrington has engaged in copyright misuse.
> Q. Other than the conclusions reached in your expert report, Mr. Bracha, are there any other expert opinions that you have rendered in connection with this case, so something that's not already described in your expert report?
> A. No.[16]

Bracha did not purport to analyze the facts beyond accepting Plaintiffs' allegations as true. He did not engage in surveys, scientific review, or any other category that might be helpful to the jury in evaluating the parties' respective claims. Simply put, his Report and testimony do nothing other than usurp the role of the Court and the jury and, as such, both are improper. As with *every* court to examine the issue, Bracha's Report and testimony should be excluded as unequivocally failing to satisfy the requirements of admissibility under Rule 702. See, e.g., Allen v. Am. Cyanamid, No. 11-CV-0055, 2021 U.S. Dist. LEXIS 53183, at *35-36 (E.D. Wis. Mar. 22, 2021) (granting motion to exclude law professor's expert report/testimony as improperly interpreting legal concepts); RAP Indy, LLC v. Zurich Am. Ins. Co., No. 1:19-cv-04657-JRS-MJD, 2021 U.S. Dist. LEXIS 145861, at *14 (S.D. Ind. Aug. 4, 2021) ("The portion of the opinion addressing Indiana caselaw is obviously impermissible; the Court is the expert on the law, not Frediani."); McGee v. Zurich Am. Ins. Co., No. CV-17-04024-PHX-DGC, 2021 U.S. Dist. LEXIS 244319, at *19 (D. Ariz. Dec. 22, 2021) ("His report includes lengthy quotations from case law, statutes, and jury instructions on bad faith issues. Any such testimony at trial would impermissibly 'invade[] the role of the Court to instruct the jury on the applicable law.'") (quoting Bahra v. Cty. of San Bernardino, No. EDCV-161756 JGB (SPx), 2021 U.S. Dist. LEXIS 170596, at *3 (C.D. Cal. June 24, 2021)).

## **CONCLUSION**

---

[16] Id. at 49:11 – 50:8.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) excluding and/or striking Bracha as an expert in this matter (including, but not limited to, his Report and testimony) and (b) for such other relief as the Court deems proper.

## LOCAL RULE 7.1(a) CERTIFICATE

Before filing this Motion, undersigned counsel conferred with counsel for Defendants (Jeffrey L. Squires, Esq.) who indicated that he does not oppose the granting of this motion following the Court's granting of a substantially similar Motion in the Adler Case. However, Mr. Squires' consent is conditioned on the Defendants preservation of their rights to appeal.

Dated: October 8, 2023.

COPYCAT LEGAL PLLC
3111 North University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza_____
    Daniel DeSouza, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza___
    Daniel DeSouza, Esq.